An unpublished order shall not be regarded as precedent and shall not be cited as legal authority. SCR 123.

IN THE SUPREME COURT OF THE STATE OF NEVADA

| | |
|---|---|
| MARY DIMICK,<br>Petitioner,<br>vs.<br>THE EIGHTH JUDICIAL DISTRICT COURT OF THE STATE OF NEVADA, IN AND FOR THE COUNTY OF CLARK; AND THE HONORABLE ROB BARE, DISTRICT JUDGE,<br>Respondents,<br>    and<br>THE STATE OF NEVADA,<br>Real Party in Interest. | No. 62395<br><br>**FILED**<br><br>FEB 1 3 2013<br><br>TRACIE K. LINDEMAN<br>CLERK OF SUPREME COURT<br>BY_____<br>DEPUTY CLERK |

## ORDER DENYING PETITION

This original petition for a writ of mandamus challenges a district court order dismissing petitioner's motion for rehearing. A writ of mandamus is available to compel the performance of an act that the law requires as a duty resulting from an office, trust, or station. NRS 34.160. Petitioner claims that the district court erroneously determined that it lacked jurisdiction to consider her motion for rehearing. The district court believed that it lacked jurisdiction to grant rehearing because a different district judge decided petitioner's appeal. We conclude that the district court reached the right result for the wrong reason. See Picetti v. State, 124 Nev. 782, 790, 192 P.3d 704, 709 (2008). The district court lacked jurisdiction to consider petitioner's motion for rehearing because it was filed after the 10-day period for filing such motions had passed. EDCR

13 - 04671

2.24(b). Accordingly, petitioner is not entitled to a writ of mandamus, and we

ORDER the petition DENIED.

_____, J.
Hardesty

_____, J.
Parraguirre

_____, J.
Cherry

_____, J.

cc:    Hon. Rob Bare, District Judge
       Law Offices of John G. Watkins
       Attorney General/Carson City
       Clark County District Attorney
       Eighth District Court Clerk